UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JODI FLEISCHMAN,

      Plaintiff,

  v.                                      Case No. 22-CV-89

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On August 3, 2022, I granted the parties' stipulated motion to remand this case to the Administration for further proceedings, thus reversing the Social Security Commissioner's decision denying Jodi Fleischman's claims for Disability Insurance Benefits and Supplemental Security Income ("SSI"). The case was remanded for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 20.) I granted Fleischman's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on September 8, 2022 and awarded $3,034.72 in fees. (Docket # 24.) On remand, Fleischman received a favorable decision awarding SSI benefits as of May 2019. (Docket # 25-2.) The Social Security Administration issued a Notice of Award letter dated October 13, 2023 stating that Fleischman was entitled to back SSI benefits in the amount of $32,139.00. (*Id.* at 2.)

Fleischman agreed to pay counsel 25% of any past-due benefits award. (Docket # 25-1.) Twenty-five percent of $32,139.00 is $8,034.75. (Docket # 25 at 2.) Fleischman's counsel, Attorney Dana Duncan, states that he expended 7.2 hours of attorney time

litigating this appeal. (Docket # 25-3.) Because the amount of attorney time spent divided by the amount of § 406(b) fees owed equates to an hourly rate of approximately $1,115/hour, Attorney Duncan instead requests an hourly rate of $550/hour for the 7.2 hours spent. This amounts to § 406(b) fees in the amount of $3,960.00. (Docket # 25 at 2.)

As stated above, Attorney Duncan was previously granted EAJA fees in the amount of $3,034.72. (Docket # 24.) "[W[hen attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant." *Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993). Attorney Duncan requests that the Court subtract the previously awarded EAJA award from the requested § 406(b) fees and award counsel $925.28 ($3,960.00 - $3,034.72 = $925.28). (Docket # 25 at 2.) The Commissioner takes no position on the amount of the award requested; however, requests that the Court order that the amount of any § 406(b) award not include language directing that the Commissioner "pay" the award or alternatively, requests that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy. (Docket # 27.)

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement, but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful

claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, Fleischman entered into a 25% contingency fee agreement with counsel. Although 25% of the past-due benefits equals $8,034.75, counsel agrees to seek a reduced amount of $3,960.00. Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed 25% of the past-due benefits.

However, within the 25% boundary, counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 7.2 hours of attorney work spent in this case. (Docket # 26.) Attorney Duncan argues that he is an experienced attorney who has been litigating SSA law for the past twenty-five years. (*Id.* at 10.) He further argues that he achieved a favorable result for Fleischman, including more than four years of additional backpay and Medicaid benefits eligibility since June 2020. (*Id.* at 8.)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Fleischman, who was awarded SSI benefits and was awarded back benefits of $32,139.00. I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $3,960 for 7.2 hours of work equates to an

3

Case 1:22-cv-00089-NJ   Filed 12/04/23   Page 3 of 5   Document 28

hourly fee of $550.00/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving an hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving an hourly rate of $666 per hour).

As previously stated, counsel cannot keep both the EAJA fee and the § 406(b) fee but must refund to the plaintiff the smaller amount. Attorney Duncan requests that rather than he refunding the $3,034.72 in EAJA fees to Fleischman, he requests that that the amount be refunded directly by the SSA so that counsel need not issue a form 1099 to pay Fleischman. Attorney Duncan argues that if Fleischman does not file taxes, the "potential exists" that counsel will be taxed on the amount. (Docket # 26 at 14.) The Commissioner takes no position on Attorney Duncan's request to be awarded a netted § 406(b) award. (Docket # 27 at 4.)

The netting method—whereby the court offsets the prior EAJA award instead of ordering that the attorney refund the award to the claimant—is "disfavored in light of the Savings Provision's language that anticipates an attorney-to-claimant refund." *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (internal quotations omitted). It is within the court's discretion whether to employ the netting method as requested by counsel or to require that counsel refund the EAJA award directly. *Id*. Counsel argues that if the netting method is not used, he *may* have to pay taxes on the amount *if* Fleischman does not file taxes. Counsel's argument rests on two contingencies that may not occur. Given the Seventh Circuit's guidance in *O'Donnell*, I decline to utilize the netting method in considering counsel's

4

request for § 406(b) fees.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 25) is **GRANTED**. Attorney Dana Duncan is awarded fees in the amount of $3,960.00.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Duncan is directed to refund $3,034.72, representing fees that were previously awarded under the EAJA, directly to Fleischman.

Dated at Milwaukee, Wisconsin this 4th day of December, 2023.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge